IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Scott N. Johnson,
        Plaintiff,

    v.

Joen Hisaw, Individually and d/b/a The Print Shop; Edward Richard Meline, Individually and as Trustee, or their successor(s) in trust, under the Edward Richard Meline and Charlene M. Meline Revocable Living Trust, dated December 30, 1992; Charlene M. Meline,
        Defendants.*

2:12-cv-01941-GEB-EFB

<u>ORDER RE: SETTLEMENT AND DISPOSITION</u>

        Plaintiff filed a "Notice of Settlement" on October 1, 2012, in which he states, "the parties have settled this action[, and d]ispositional documents will be filed within (30) calendar days." (ECF No. 11.)

        Therefore, a dispositional document shall be filed no later than October 31, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. <u>See</u> E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

---

    * The caption has been amended according to the dismissal of Defendant William Hisaw. <u>See</u> ECF No. 8.

1

Further, the Status Conference scheduled for hearing on October 29, 2012, is continued to November 26, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action is not otherwise dismissed.[2]  A joint status report shall be filed fourteen (14) days prior to the Status Conference.

IT IS SO ORDERED.

Dated:  October 2, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge

---

[2]  The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2